Nancy **FOLLETTE** and Marie Sickler, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

Frank **COOPER**, in his capacity as the Marshal of the City Court of the City of Binghamton, and on behalf of all others similarly situated, Thomas J. Hull and Robert B. Kaman, as partners in Kaman and Hull, Richard Gamble, and Susquehanna Affiliates, Defendants.

No. 81–CV–965.

United States District Court, N.D. New York.

April 24, 1987.

Broome Legal Assistance Corp., Binghamton, N.Y., for plaintiffs; Eleanor Polimeni, of counsel.

Greater Upstate Law Project, Rochester, N.Y.; Rene H. Reixach, of counsel.

Robert Abrams, Atty. Gen. of State of N.Y., Syracuse, N.Y., for defendant Cooper; Joanne Hunt Piersma, Asst. Atty. Gen., of counsel.

Kaman & Hull, Binghamton, N.Y., pro se.

ORDER

MUNSON, Chief Judge.

In an order dated March 27, 1987 this court granted plaintiffs' motion for summary judgment for declaratory and injunctive relief on behalf of a plaintiff class of judgment debtors against a defendant class consisting of all sheriffs, marshals or other civil enforcement officers empowered to serve and enforce income executions in New York. The court declared that the due process rights of the plaintiff class are violated when income executions issued pursuant to § 5231 of New York's Civil Practice and Rules, N.Y.C.P.L.R. § 5231 (McKinney 1978 & Supp.1987), are served upon judgment debtors without notice of the exemptions from garnishment supplied

by § 303 of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673 (1982), and of the procedures for challenging income executions provided by CPLR § 5231(g) and CPLR § 5240. The court enjoined members of the defendant class from serving or collecting upon any income executions issued pursuant to CPLR § 5231 unless such notice is served upon the judgment debtor simultaneously with the income execution. Subsequent to this court's March 27 order, questions have been raised concerning the implementation of the relief granted and the effect of the court's order on income executions served prior to March 27, 1987. The court conducted a conference on April 16, 1987 at the request of the New York State Attorney General's office. The parties to this lawsuit as well as representatives of the New York State Sheriffs Association and certain judgment creditors residing in upstate New York were given an opportunity to voice concerns about the impact of the court's order on the collection of judgments obtained in New York. After this meeting, the parties submitted a proposed order designed to clarify and implement the March 27 order. Much of that proposed order is now adopted by the court in this supplemental order, which modifies the memorandum-decision and order dated March 27, 1987.

I. INCOME EXECUTIONS THAT ARE CURRENTLY OUTSTANDING OR ARE SERVED UPON JUDGMENT DEBTORS PRIOR TO JUNE 1, 1987.

All income executions in the State of New York that are currently outstanding or that are served upon judgment debtors prior to June 1, 1987 shall continue in full force and effect, *subject to the following conditions:*

1. If a notice *substantially conforming* to the form annexed to this order as Appendix A was not served upon the judgment debtor simultaneously with the income execution, the members of the defendant class may serve and collect upon such income executions but are enjoined from remitting or applying any funds received pursuant to such income executions

*until* a notice substantially conforming to the form annexed as Appendix A has been delivered to the judgment debtor and, in cases where the judgment debtor's employer has also been served with the income execution, a notice substantially conforming with Appendix A has been delivered to the judgment debtor's employer. Delivery of this required notice may be accomplished in the following ways:

a. The members of the defendant class may serve a copy of the form annexed as Appendix A along with a copy of the form annexed as Appendix B by first class mail on the judgment debtor at his last known home address and his last known place of employment. The envelopes containing these forms and addressed to the judgment debtor should be marked "confidential."

In addition, in those cases in which the judgment debtor's employer has been served with the income execution, the members of the defendant class may serve a copy of the notice annexed as Appendix A along with a copy of the form annexed as Appendix C by first class mail on the judgment debtor's employer.

If by June 30, 1987 the members of the defendant class have made such service on the judgment debtor and, where appropriate, on the judgment debtor's employer, the members of the defendant class shall in the normal course remit to the judgment creditor and apply to their fees any funds received pursuant to the income execution.

b. The judgment creditor, the judgment creditor's attorney, an employee of either of them, or the issuer of the income execution may serve a copy of the form annexed as Appendix A along with a copy of the form annexed as Appendix B by first class mail on the judgment debtor at his last known home address and his last known place of employment. The envelopes containing these forms and addressed to the judgment debtor should be marked "confidential."

In addition, in those cases in which the judgment debtor's employer has been served with the income execution, the judgment creditor, the judgment creditor's attorney, an employee of either of them, or

the issuer of the income execution may serve a copy of the form annexed as Appendix A along with a copy of the form annexed as Appendix C by first class mail on the judgment debtor's employer.

If by June 1, 1987 the members of the defendant class receive a sworn affidavit by the party making such service attesting to the fact that such service has been made, the members of the defendant class shall in the normal course remit to the judgment creditor and apply to their fees any funds received pursuant to the income execution.

2. If by June 1, 1987 the members of the defendant class have not received an affidavit from the judgment creditor, the judgment creditor's attorney, an employee of either of them, or the issuer of the income execution attesting to the fact that service by first class mail of forms substantially conforming with Appendices A and B has been made on the judgment debtor at his last known home address and his last known place of employment and that service by first class mail of forms substantially conforming with Appendices A and C has been made on the judgment debtor's employer in cases where the income execution had previously been served on the judgment debtor's employer; *AND* if by June 30, 1987 the members of the defendant class have not served by first class mail forms substantially conforming to Appendices A and B on the judgment debtor at his last known home address and his last known place of employment and forms substantially conforming to Appendices A and C on the judgment debtor's employer in cases where the income execution had previously been served on the judgment debtor's employer; *THEN* the income execution *shall cease to be in force or effect on and after July 1, 1987,* and the defendant class *shall* (a) cease to collect any funds thereunder on or after July 1, 1987; (b) promptly notify the judgment debtor's employer that the income execution is no longer in force or effect if that income execution has already been served on the employer; (c) promptly notify the judgment debtor that the income execution

is no longer in force or effect; (d) promptly in the normal course make a return of the income execution to the clerk of the appropriate court; and (e) promptly, but in any event no later than September 30, 1987, return to the judgment debtor all funds received under the income execution and held as ordered by this court, without deduction for any fees, charges or expenses, by mailing a check for the amount payable to the judgment debtor along with a form substantially conforming to that annexed as Appendix D by first class mail to the judgment debtor in care of his or her employer if the income execution has been served on the employer, or, if the employer has not been served with the income execution, by mailing the check and notice to the judgment debtor at his or her last known home address.

3. For the service of forms substantially conforming to Appendices A, B, C, or D, members of the defendant class shall be entitled to fees and expenses as permitted for the service of civil process under CPLR Article 80. However, no fees or expenses which arise from the enforcement of this order shall be charged to the judgment debtor in any way, and such fees or expenses shall not be taxed as costs or disbursements against the judgment debtor or deducted from any payments made to the judgment debtor.

## II. INCOME EXECUTIONS THAT ARE SERVED UPON JUDGMENT DEBTORS AFTER JUNE 1, 1987.

Except as provided in Part I of this order, on and after June 1, 1987 the members of the defendant class are enjoined from serving or collecting upon any income executions unless the copies served on the judgment debtor contain thereon or annexed thereto a notice in substantial conformance with the form annexed as Appendix A.

## III. ORDERS FOR ALIMONY, SUPPORT OR MAINTENANCE.

Nothing in this order or the order dated March 27, 1987 affects income executions served pursuant to CPLR § 5241 or CPLR § 5242.

## IV. COLLECTION OF INCOME EXECUTIONS FOR STATE TAXES.

Nothing in this order or the order dated March 27, 1987 affects New York State tax warrant income executions served pursuant to N.Y. Tax Law § 171.

## V. SERVICE OF THIS ORDER ON MEMBERS OF THE DEFENDANT CLASS.

Notice of this supplemental order shall be given to the members of the defendant class by the Attorney General of the State of New York by mailing copies thereof by first class mail on or before May 29, 1987 (a) to all county sheriffs in New York State; (b) to Jason M. Dolin, Director, Bureau of City Marshals, New York City Department of Investigation, 80 Madison Lane, New York, NY 10038; (c) to all marshals employed by the New York State Office of Court Administration; (d) to all marshals who provide services to City Courts in New York State; and (e) to marshals, constables or other enforcement officers who provide services to justice courts in New York State, at the mailing address of the town or village.

It is so Ordered.

### APPENDIX A

*Notice of Judgment Debtor Receiving Income Execution*

This income execution directs the withholding of ___ percent of the judgment debtor's *gross income.* In certain cases, however, state and federal law does not permit the withholding of the full ___ percent of the judgment debtors gross income. The judgment debtor is referred to New York Civil Practice Law and Rules § 5231 and 15 United States Code § 1671 *et seq.*

## I. LIMITATIONS ON THE AMOUNT THAT CAN BE WITHHELD.

A. An income execution for installments from a judgment debtor's *gross in-*

*come* cannot exceed ten percent (10%) of the judgment debtor's *gross income.*

B. If a judgment debtor's *weekly disposable earnings* are less than thirty (30) times the current federal minimum wage ($3.35 an hour), or $100.50, no deduction can be made under this income execution.

C. A judgment debtor's *weekly disposable earnings* cannot be reduced below the amount arrived at by multiplying thirty (30) times the current federal minimum wage ($3.35 an hour), or $100.50, under this income execution.

D. If deductions are being made from a judgment debtor's gross income under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's *disposable earnings,* no deduction can be made under this income execution.

E. If deductions are being made from a judgment debtor's gross income under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent (25%) of the judgment debtor's *disposable earnings,* deductions may be made under the income execution. However, the amount arrived at by adding the deductions made under this execution to the deductions made under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's *disposable earnings.*

NOTE: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

## II. EXPLANATION OF LIMITATIONS
Definitions:

*Disposable Earnings*

Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security, and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

*Gross Income*

Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

*Illustrations:*

| If disposable earnings is: | Amount to Pay or Deduct under this income execution is: |
|---|---|
| (a) $100.50 or less | No payment or deduction allowed. |
| (b) more than $100.50 and less than $134.00 | The lesser of: the excess over $100.50 in disposable earnings, or 10% of gross income. |
| (c) $134.00 or more | The lesser of: 25% of disposable earnings, or 10% of gross income. |

III. NOTICE: YOU MAY BE ABLE TO CHALLENGE THIS INCOME EXECUTION THROUGH THE PROCEDURES PROVIDED IN CPLR § 5231(g) and CPLR § 5240

If you think that the amount of your earnings being deducted under this income execution exceeds the amount permitted by state and federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your earnings being deducted under this income execution exceeds the amount permitted by state and federal law, you should contact your employer or other person paying your earnings. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

*CPLR § 5231(g) Modification.* At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

*CPLR § 5240 Modification or protective order; supervision of enforcement.* At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of income executions.

## APPENDIX B

TO _____
           (Judgment Debtor)

An income execution has been served on you requiring payments from your earnings for a judgment due to _____. A recent federal court
                                      (Judgment Creditor)
ruling may affect how much should be paid over from your earnings for this income execution. Read the enclosed notice carefully. If you believe money is being withheld from your earnings in violation of federal or state law, you should immediately contact your employer or other person paying your earnings. Further, you may wish to consult an attorney, including Legal Aid if you qualify.

## APPENDIX C

TO: _____
         (Employer)

An income execution has been served upon you requiring you to withhold payments from the earnings of _____ for a judgment obtained by _____
                          (Judgment Debtor)                                              (Judgment
_____. A recent federal court ruling may affect how much should be withheld
Creditor)
from your employee's earnings pursuant to this income execution. Read the enclosed notice carefully. It explains the limitations placed on withholdings pursuant to income executions by state and federal law.

## APPENDIX D

TO: _____
         (Judgment Debtor)

Under a federal court ruling, the income execution against your earnings from _____ on the judgment you owe to _____ is no
       (Employer)                                            (Judgment Creditor)
longer in effect as of July 1, 1987. Enclosed is a check for the amount this office received on that income execution which the court ruling requires us to return to you.