**1362**

Nancy FOLLETTE and Marie Sickler, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

Frank COOPER, in his capacity as the Marshal of the City Court of the City of Binghamton, and on behalf of all others similarly situated, Thomas J. Hull and Robert B. Kaman, as partners in Kaman and Hull, Richard Gamble, and Susquehanna Affilliates, Defendants.

No. 81–CV–965.

United States District Court, N.D. New York.

Nov. 3, 1987.

Broome Legal Assistance Corp., Binghamton, N.Y., Eleanor Polimeni, of counsel, for plaintiffs.

Rene H. Reixach, Rochester, N.Y., for Greater Upstate Law Project.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y., Joanne Hunt Piersma, Asst. Atty. Gen., of counsel, Syracuse, N.Y., for defendant Cooper.

Kaman & Hull, Binghamton, N.Y., pro se.

## ORDER

MUNSON, Chief Judge.

In an order of this court in the above-captioned matter dated April 24, 1987, members of a defendant class consisting of all sheriffs, marshals, or other civil enforcement officers empowered to serve and enforce income executions in New York were enjoined, *inter alia,* from serving or collecting upon any income executions on or after June 1, 1987 that did not contain a specified notice to judgment debtors. *See Follette v. Cooper,* 658 F.Supp. 514, 517 (N.D.N.Y. 1987). Subsequently, the New York legislature amended § 5231 of New York's Civil Practice Law and Rules to provide judgment debtors notice substantially conforming to that contemplated by this court's April 24 order. *See* 1987 Laws of New York Chapter 829 (effective August 7, 1987). Therefore, the April 24 order is hereby vacated insofar as it applies to income executions served on or after August 7, 1987.

It is So Ordered.